CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, v. CITY OF ALGONA, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Objections— **Time Limit.** When notice of the filing of the plat and schedule covering a special assessment is made in newspapers (as provided by Sec. 6026, Code of 1924), the 20-day period for the filing of objections commences to run from the first completed publication in the *newspapers*, and not from the time of posting handbills, as required by said section.

Headnote 1:  28 Cyc. p. 990.

*Appeal from Kossuth District Court.*—D. F. COYLE, Judge.

DECEMBER 11, 1924.

REHEARING DENIED MARCH 21,. 1925.

IN the district court, this was an appeal by the appellant herein from certain paving assessments ordered by the council of the city of Algona. The appellee moved in the district court to dismiss the appeal for want of jurisdiction, in that the appellant had failed to file its objections before the city council within the time provided by statute. This motion was sustained, and the plaintiff has appealed.—*Affirmed.*

*Hughes, Taylor & O'Brien* and *W. B. Quarton,* for appellant.

*J. L. Bonar* and *Kelleher & Mitchell,* for appellee.

EVANS, J.—I. The appellant presents as ground of reversal a question of construction of Section 823 of the Code Supple-

ment of 1913.  Omitting a part of the section that is not material to the question before us, such section is as follows:

"After filing the plat and schedule, the council shall give notice by two publications in each of two newspapers published in the city, if there be that number, otherwise in one, and by handbills posted in conspicuous places along the line of such street improvement or sewer; * * * that said plat and schedule are on file in the office of the clerk, and that within twenty days after the first publication all objections thereto, or to the prior proceedings, on account of errors, irregularities or inequalities, must be made in writing and filed with the clerk; and the council, having heard such objections and made the necessary corrections, shall then make the special assessments as shown in said plat and schedule, as corrected and approved."

In compliance with the foregoing statute, the city council made publication of notice in two papers published in the city. The first publication in one of these papers was on November 8th, and in the other on November 9th.  Handbills were posted in conspicuous places on November 11th.  The appellant filed his objections with the city council on December 1st, and not before.  The contention for the appellee is that the time for filing such objections expired on November 29th, being "twenty days" from November 9th.  The contention for the appellant is that such time expired on December 1st, being "twenty days" from the date of posting the handbills.  The contention of appellant is that the term "first publication," as used in the statute, means the first publication of the notice in each of the two newspapers *and the first posting of handbills in conspicuous places;* whereas the contention of appellee is that the term "first publication" means the first publication in each of the two newspapers.

Reading this term in the light of its context, we deem it clear that it has reference to newspaper publication.  The phrase "two publications in each of two newspapers" necessarily has reference to newspaper publication.  We deem it equally clear that the latter phrase, "within twenty days after the first publication," has direct reference to the "two publications in each of two newspapers."  The "twenty days" allowed for the filing of objections began to run, therefore, on November 9th.  The

argument for appellant is that "first publication" means "first *complete* publication," and that the first publication is not complete until handbills have been posted. If the statute had in terms so provided, it would have been, perhaps, a better statute. But the contention made adds something thereto, as it is actually written. The word "publication" being given its usual and ordinary meaning, and in this case the meaning indicated by its context, it must be read as referring to publication in a "newspaper."

II. In reaching the foregoing conclusion, we have not overlooked the most plausible feature of appellant's argument, which deserves our special consideration. In our foregoing quotation of the statute, we have omitted a certain portion thereof, as indicated therein, which is not material to the present controversy. The portion we omitted is as follows:

"But if no such newspaper is published within the limits of such city or town then such notice may be given by posting copies thereof in three public places within the limits of such city or town, two of which such places shall be the post office and the mayor's office of such city or town;"

That portion of the statute which we have quoted in the foregoing Division I hereof comprises all of Section 823 as it appears in the 1907 Code Supplement. An amendment by the thirty-fourth general assembly incorporated into such section the proviso which we have last quoted. The place of such amendment is indicated by the asterisks in our first quotation. Reading this *amendment* in connection with all that part of the original statute which follows, the appellant contends that the phrase "twenty days after the first publication" must necessarily refer to "posting copies thereof in three public places;" that, therefore, the term "first publication" is not confined to a newspaper publication.

That the statute presents an incongruity at this point is to be conceded. This is accounted for by the insertion of an amendment into the body of the original statute. It presents a case of "patchwork," and some inconsistency. Given a case where no newspaper was available within the limits of the city, and where the notice was given by posting copies, as provided in the amendment, it is clear that the "twenty days" would not begin

to run until the "posting of copies in three public places." It would not be difficult to construe the amendment in that respect. We see no room to apply to such a case the term "first publication." The amendment contemplates a simultaneous "posting" in "three public places." There would be no repetition of such posting,—no *first*, no *last*. It is doubtless true, however, that in such a case the word "publication" would have to be held to apply to the "posting," for the plain reason that there would be nothing else to which it could apply.

The case before us is fully covered by the statute as it was prior to the amendment, and as it appears in the Code Supplement of 1907. As applied to such case, the word "publication" carries the same meaning now that it did in the original statute, as it appears in the 1907 Code Supplement. The amendment made by the thirty-fourth general assembly has no application, and purports to have none, to a case where there are two newspapers in the city available for the purpose of publication.

For the reasons indicated, the order appealed from is— *Affirmed*.

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.